IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:21-CR-0025 |
| | : | |
| v. | : | |
| | : | |
| RAZEEK CARWHEEL | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Defendant Razeek Carwheel ("Carwheel") is charged in a one-count indictment with felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Before the court is a motion to dismiss that count based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), arguing that Section 922(g)(1) is unconstitutional as applied to him. (Doc. 77.) Following protracted litigation due to the ever-changing legal landscape of Second Amendment jurisprudence, the court finds that dismissal of Count 1 is precluded by *United States v. Quailes*, 126 F.4th 215 (2025), and *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024). Thus, the motion to dismiss will be denied.

### BACKGROUND

Carwheel was charged by indictment on February 18, 2021, with one count of felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) He had an initial appearance on February 23, 2021, and was detained pending trial.

1

(Doc. 17.)  On July 28, 2023, the Government filed a plea agreement executed by all parties.  (Doc. 68.)

On September 5, 2023, Carwheel filed a motion to dismiss the indictment arguing that Section 922(g)(1) is unconstitutional as applied to him based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and the Third Circuit's *en banc* opinion in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) ("*Range II*").  (Doc. 77.)  *Range II* found that Section 922(g)(1) violates the Second Amendment as applied to Range based on the application of the holding in *Bruen*.  69 F.4th at 96.

Prior to Carwheel filing the instant motion to dismiss, on August 22 and September 1, 2023, the court granted motions to dismiss in two other cases regarding Section 922(g)(1) holding that, as applied to each defendant, the Government failed to establish that Section 922(g)(1) is consistent with the Nation's "historical tradition of firearm regulation."  *United States v. Quailes*, 688 F. Supp. 3d 184, 187 (M.D. Pa. 2023); *United States v. Harper*, 689 F. Supp. 3d 16, 20 (M.D. Pa. 2023).  Then, on October 11, 2023, the court stayed resolution of the motion to dismiss pending the Third Circuit's review of this court's decisions in *United States v. Quailes*, 688 F. Supp. 3d 184 (M.D. Pa. 2023), and *United States v. Harper*, 689 F. Supp. 3d 16 (M.D. Pa. 2023).  (Doc. 83.)

While the *Quailes* and *Harper* appeals were pending, several notable decisions were published. First, on July 2, 2024, the Supreme Court granted a petition for writ of certiorari for *Range II*, vacated the judgment, and remanded *Range II* for further consideration based on the Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024). *Garland v. Range*, 144 S. Ct. 2706, 2707 (2024). Then, on August 2, 2024, in *United States v. Moore*, 111 F.4th 266, 273 (3d Cir. 2024), *petition for cert. filed*, No. 24-968 (Mar. 7, 2025), the Third Circuit held that "[a] convict completing his sentence on [federal] supervised release does not have a Second Amendment right to possess a firearm." Lastly, on December 23, 2024, the Third Circuit issued another *en banc* opinion in *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024) ("*Range III*"), again finding that Section 922(g)(1) violates the Second Amendment as applied to Range based on the application of the holdings in *Bruen* and *Rahimi*.

Thereafter, on January 17, 2025, the Third Circuit reversed and remanded the consolidated appeals in *Quailes* and *Harper*, extending the holding in *Moore* to individuals being supervised by state parole or probation. *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025). On February 25, 2025, the court lifted the stay on Carwheel's motion to dismiss and required the parties to file a joint notice advising whether Carwheel was serving a term of supervised release, probation, or parole for any state or federal criminal offense at the time of the offense alleged in

the indictment. (Doc. 102.) The parties filed a joint notice on March 13, 2025, advising the court that Carwheel was on parole in the Commonwealth of Pennsylvania at the time of the offense alleged in the indictment. (Doc. 107.) Therefore, the motion to dismiss is, once again, ripe for review.

Carwheel remains detained pending trial and has filed a plea agreement with a change of plea hearing scheduled for April 8, 2025. (Docs. 103, 104.)

## DISCUSSION

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). In the briefs in support and in opposition to the motion to dismiss, the parties argue the applicability of *Bruen* and *Range II* to the charge in this case. (*See* Docs. 77, 78, 81, 82.) However, since the briefing of the pending motion was completed, the Third Circuit issued opinions in *Moore* and *Quailes*.[1] In *Moore*, the Third Circuit held that "[a] convict completing his sentence on [federal] supervised release does not have a Second Amendment right to possess a firearm." 111 F.4th at 273. The Third Circuit extended this

---

[1] The court notes that there have been critical developments in Second Amendment jurisprudence in recent years, which have been exhaustively detailed by the Supreme Court and Third Circuit. *See, e.g.*, *Bruen*, 597 U.S. 1; *Range III*, 124 F.4th 218. By not detailing those caselaw developments in this memorandum, the does not overlook the significance of these developments. Rather, the court is expediting its analysis here because the parties do not dispute the applicability of controlling precedent, *i.e. Moore* and *Quailes*, to the specific issue presented in this case.

holding in *Quailes*, holding that Section 922(g)(1) "is constitutional as applied to convicts on [state] parole or probation." 126 F.4th at 224. Thus, controlling Third Circuit precedent provides that the Second Amendment provides no protection to a defendant who was on federal supervised release or state probation or parole at the time the offense at issue was purportedly committed.

Here, the parties agree that Carwheel was on parole in Pennsylvania on November 22, 2020, the offense date alleged in the indictment. Therefore, *Quailes* is controlling and the motion to dismiss will be denied.

## CONCLUSION

Accordingly, for the reasons stated herein, the motion to dismiss, Doc. 77, will be denied. An appropriate order will issue.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: April 1, 2025